Michael R. Griffinger
William P. Deni, Jr.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500
Fax: (973) 596-0545
mgriffinger@gibbonslaw.com
wdeni@gibbonslaw.com

*Attorneys for Plaintiffs*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COSMO TECHNOLOGIES LIMITED, VALEANT PHARMACEUTICALS INTERNATIONAL, and VALEANT PHARMACEUTICALS IRELAND, <br><br> Plaintiffs, <br><br> v. <br><br> SUN PHARMACEUTICAL INDUSTRIES, LTD., SUN PHARMA GLOBAL FZE, and SUN PHARMACEUTICAL INDUSTRIES, INC., <br><br> Defendants. | Civil Action No.: _____ <br><br> *Document Electronically Filed* |

### COMPLAINT

Plaintiffs Cosmo Technologies Limited ("Cosmo"), Valeant Pharmaceuticals International ("VPI"), and Valeant Pharmaceuticals Ireland ("Valeant Ireland") (collectively, "Plaintiffs"), for their Complaint against Defendants Sun Pharmaceutical Industries, Ltd., Sun Pharma Global FZE, and Sun Pharmaceutical Industries, Inc.

1

(collectively, "Defendants"), hereby allege as follows:

## PARTIES

1. Plaintiff Cosmo is an Irish corporation, having its principal place of business at Riverside II, Sir John Rogerson's Quay, Dublin 2, Ireland.

2. Plaintiff VPI is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 400 Somerset Corporate Blvd., Bridgewater, New Jersey 08807.

3. Plaintiff Valeant Ireland is an Irish corporation, having its principal place of business at 3013 Lake Drive, Citywest Business Campus, Dublin 24, Ireland.

4. Upon information and belief, defendant Sun Pharmaceutical Industries, Ltd. ("Sun Ltd.") is a corporation organized and existing under the laws of India, having a principal place of business at Sun House, CTS No. 201 B/1, Western Express Highway, Goregaon (E), Mumbai 400 063, Maharashtra, India. On information and belief, Sun Ltd. is in the business of, among other things, manufacturing and selling generic copies of branded pharmaceutical products throughout the United States, including in this Judicial District.

5. On information and belief, defendant Sun Pharma Global FZE ("Sun FZE") is a corporation organized and existing under the laws of the United Arab Emirates, having a principal place of business at Office #43, Block Y, SAIF Zone, P.O. Box #122304, Sharjah, United Arab Emirates. On information and belief, Sun FZE is a wholly owned subsidiary of Sun Pharma Holdings (Mauritius), which is a wholly owned subsidiary of Sun Ltd. On information and belief, Sun FZE is in the business of, among other things, manufacturing and selling generic copies of branded pharmaceutical products throughout the United States, including in this Judicial District.

2

6.      On information and belief, defendant Sun Pharmaceutical Industries, Inc. ("Sun Inc.") is a corporation organized and existing under the laws of the State of Michigan, having a principal place of business at 1 Commerce Drive, Cranbury, New Jersey 08512.  On information and belief, Sun Inc. has a secondary place of business at 2 Independence Way, Princeton, New Jersey 08540.  Sun Inc. is a wholly owned subsidiary of Sun Ltd.  On information and belief, Sun Inc. is registered to do business in the State of New Jersey.  On further information and belief, Sun Inc. is in the business of, among other things, manufacturing and selling generic copies of branded pharmaceutical products throughout the United States, including in this Judicial District.

## NATURE OF THE ACTION

1.      This is a civil action for infringement of U.S. Patent No. 9,320,716 ("the '716 patent" or "the patent-in-suit").  This action arises under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      Defendants are subject to personal jurisdiction in the State of New Jersey because, *inter alia*, Defendants have committed, aided, abetted, contributed to, and/or participated in the commission of an act of patent infringement under 35 U.S.C. § 271(e)(2) that has led and/or will lead to foreseeable harm and injury to Plaintiff VPI, which has a principal place of business in the State of New Jersey.  Sun FZE sent a notice letter pursuant to 21 U.S.C. § 355(j)(2)(B)(i)-(iv) ("Sun's Notice Letter") to Plaintiff VPI's principal place of business at 400 Somerset Corporate Blvd., Bridgewater, New Jersey 08807.  Plaintiffs' cause of action arose from Sun's Notice Letter to Plaintiff VPI in Bridgewater, New Jersey.  The Notice Letter states that Sun FZE has filed

3

Abbreviated New Drug Application ("ANDA") No. 210229 ("Sun's ANDA") with respect to budesonide extended-release tablets, 9 mg ("Sun's ANDA Product"). Sun's Notice Letter also states that Sun FZE intends to seek approval from the Federal Food and Drug Administration ("FDA") of Sun's ANDA to engage in the commercial manufacture, use, or sale of Sun's ANDA Product throughout the United States, including in this Judicial District, before the expiration of the U.S. patents listed in the FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book"), which are owned by Plaintiff Cosmo.

4.    This Court has personal jurisdiction over Defendants by virtue of, *inter alia*, their systematic and continuous contacts with the State of New Jersey.

5.    On information and belief, Sun Ltd. develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this Judicial District.

6.    On information and belief, Sun Ltd., with the assistance and/or at the direction of Sun FZE and/or Sun Inc., develops, manufactures, distributes, markets, offers to sell, and sells generic drug products for sale and use throughout the United States, including within this Judicial District.

7.    On information and belief, Sun Ltd., Sun FZE, and Sun Inc. acted in concert to develop Sun's ANDA Product and to seek approval from the FDA to sell Sun's ANDA Product throughout the United States, including within this Judicial District.

8.    On information and belief, Sun Ltd., Sun FZE, and Sun Inc. participated in the preparation and/or filing of Sun's ANDA No. 210229.

9.    On information and belief, Sun Ltd., alone and/or with the assistance and/or at the direction of Sun FZE and/or Sun Inc., has committed, or aided, abetted, actively induced, contributed to, or participated in the commission of an act of patent infringement under 35 U.S.C. § 271(e)(2) that has led and/or will lead to foreseeable harm and injury to Plaintiffs.

10.     This Court has personal jurisdiction over Sun Ltd. because, *inter alia*, Sun Ltd., on information and belief:  (1) intends to market, sell, or distribute Sun's ANDA Product to residents of this State; (2) controls Defendants Sun FZE and Sun Inc.; (3) operates through its wholly owned subsidiaries Sun FZE and Sun Inc., at least one of which has a principal place of business in New Jersey, is registered to do business in New Jersey, and is registered as a Wholesale Drug & Medical Device wholesaler and manufacturer by the New Jersey Department of Health and Senior Services; (4) has committed, or aided, abetted, actively induced, contributed to, or participated in the commission of acts of patent infringement that will result in foreseeable harm in New Jersey; (5) makes its generic drug products available in this State; (6) maintains a broad distributorship network within this State; and (7) enjoys substantial income from sales of its generic pharmaceutical products in this State.

11.     Additionally, on information and belief, Sun Ltd. has previously consented to this Court's jurisdiction and has availed itself of the protections afforded by the Court by asserting counterclaims against plaintiffs in this Judicial District.  *See, e.g., Depomed, Inc., et al. v. Sun Pharma Global FZE, et al.*, Civil Action No. 11-3553 (JAP)(TJB) (D.N.J. Jun. 20, 2011); *Otsuka Pharm. Co. v. Sun Pharm. Indus. Ltd.*, Civil Action No. 14-6397 (JBS)(KMW) (D.N.J. Oct. 6, 2014); *Boehringer Ingelheim Pharm., Inc. et al v. HEC Pharm Grp. et al.*, Civil Action No. 15-5982 (D.N.J. Aug. 4, 2015); and *Dexcel Pharma Tech., Ltd., et al. v. Sun Pharma Global FZE, et al.*, Civil Action No. 15-8017 (SDW)(LDW) (D.N.J. Nov. 11, 2015).

12.     Alternatively, to the extent the above facts do not establish personal jurisdiction over Sun Ltd., this Court may exercise jurisdiction over Sun Ltd. pursuant to Fed. R. Civ. P. 4(k)(2) because:  (a) Plaintiffs' claims arise under federal law; (b) Sun Ltd. would be a foreign defendant not subject to personal jurisdiction in the courts of any State; and (c) Sun Ltd. has sufficient contacts with the United States as a whole, including, but not limited to, manufacturing

and selling generic pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Sun Ltd. satisfies due process.

13.     On information and belief, Sun FZE develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this Judicial District.

14.     This Court has personal jurisdiction over Sun FZE because, *inter alia*, Sun FZE, on information and belief:  (1) filed Sun's ANDA with the FDA in the United States and has appointed "Sun Pharmaceutical Industries, Inc." at 2 Independence Way, Princeton, New Jersey 08540 as the firm to act as Sun FZE's "US Agent" for Sun's ANDA; (2) intends to market, sell, or distribute Sun's ANDA Product to residents of this State; (3) has committed, or aided, abetted, actively induced, contributed to, or participated in the commission of acts of patent infringement that will result in foreseeable harm in New Jersey; (4) maintains a broad distributorship network within this State; and (5) enjoys substantial income from sales of its generic pharmaceutical products in this State.

15.     Additionally, on information and belief, Sun FZE has previously submitted to the jurisdiction of this Court and has availed itself of the legal protections of the State of New Jersey by having filed suit in this jurisdiction.  *See, e.g., Sun Pharma Global FZE v. Novartis Pharm. Corp. et al.*, Civil Action No. 13-3542 (DMC)(JBC) (D.N.J. Jun. 7, 2013).

16.     Further, on information and belief, Sun FZE has previously consented to this Court's jurisdiction and has availed itself of the protections afforded by the Court by asserting counterclaims against plaintiffs in this Judicial District.  *See, e.g.*, *Boehringer Ingelheim Pharm., Inc. et al v. HEC Pharm Grp. et al.*, Civil Action No. 15-5982 (D.N.J. Aug. 4, 2015); and *Dexcel Pharma Tech., Ltd., et al. v. Sun Pharma Global FZE*, et al., Civil Action No. 15-8017 (SDW)(LDW) (D.N.J. Nov. 11, 2015).

6

17.     Alternatively, to the extent the above facts do not establish personal jurisdiction over Sun FZE, this Court may exercise jurisdiction over Sun FZE pursuant to Fed. R. Civ. P. 4(k)(2) because:  (a) Plaintiffs' claims arise under federal law; (b) Sun FZE would be a foreign defendant not subject to personal jurisdiction in the courts of any State; and (c) Sun FZE has sufficient contacts with the United States as a whole, including, but not limited to, manufacturing and selling generic pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Sun FZE satisfies due process.

18.     On information and belief, Sun Inc. develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this Judicial District.

19.     This Court has personal jurisdiction over Sun Inc. because, *inter alia*, Sun Inc., on information and belief:  (1) was appointed to act as Sun FZE's "US Agent" for Sun's ANDA; (2) has substantial, continuous, and systematic contacts with this State; (3) is registered to do business in this state under entity ID # 0100970132; (4) is registered as a Wholesale Drug & Medical Device manufacturer and wholesaler by the New Jersey Department of Health and Senior Services under Registration Number 5003437; (5) has committed, or aided, abetted, actively induced, contributed to, or participated in the commission of acts of patent infringement that will result in foreseeable harm in New Jersey; (6) intends to market, sell, and/or distribute Sun's infringing ANDA products to residents of this State; (7) maintains a broad distributorship network within this State; and (8) on information and belief, enjoys substantial income from sales of its generic pharmaceutical products in this State.

20.     Additionally, on information and belief, Sun Inc. has a secondary address at 2 Independence Way, Princeton, New Jersey 08540, and will act as Sun FZE's "US Agent" to submit and receive all correspondence from the FDA on technical and administrative matters pertaining to submissions in support of Sun's ANDA and to respond to the FDA on such matters.

21.     Further, on information and belief, Sun Inc. has previously consented to this Court's jurisdiction and has availed itself of the protections afforded by the Court by asserting counterclaims against plaintiffs in this Judicial District.  *See, e.g.*, *Janssen Pharms. Inc. v Sun Pharma Global FZE, et al.*, Civil Action No. 11-6089 (SRC)(CLW) (D.N.J. Oct. 17, 2011); *Otsuka Pharm. Co. v. Sun Pharm. Indus. Ltd., et al.*, Civil Action No. 14-4307 (JBS)(KMW) (D.N.J. Jul. 7, 2014); *Otsuka Pharm. Co. v. Sun Pharm. Indus. Ltd.*, Civil Action No. 14-6397 (JBS)(KMW) (D.N.J. Oct. 6, 2014); and *Dexcel Pharma Tech., Ltd., et al. v. Sun Pharma Global FZE, et al.*, Civil Action No. 15-8017 (SDW)(LDW) (D.N.J. Nov. 11, 2015).

22.     On information and belief, upon approval of Sun's ANDA, Sun Ltd., Sun FZE, Sun Inc., and/or their subsidiaries, affiliates or agents will place Sun's ANDA Product into the stream of commerce with the reasonable expectation or knowledge and the intent that such products will ultimately be purchased and used by consumers in this Judicial District.

23.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENTS-IN-SUIT

24.     On April 26, 2016, the '716 patent, titled "Controlled Release and Taste Masking Oral Pharmaceutical Compositions," was duly and legally issued.  A copy of the '716 patent is attached hereto as Exhibit A.

25.     Cosmo is the present owner of the '716 patent.  Valeant Ireland holds an exclusive license to the '716 patent.

## ACTS GIVING RISE TO THIS ACTION

26.     VPI holds New Drug Application ("NDA") No. 203634 for oral tablets containing 9 mg of the active ingredient budesonide, which are sold in the United States under the brand name "Uceris®."  Uceris® is indicated for the induction of remission in patients with active, mild to moderate ulcerative colitis.

27.     Pursuant to 21 U.S.C. § 355(b)(1), the '716 patent is listed in the Orange Book as covering Uceris® and its method of use.

28.     Upon information and belief, Defendants submitted ANDA No. 210229 to the FDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)).  Upon information and belief, Sun's ANDA seeks FDA approval to engage in the commercial manufacture, use, sale, or offer for sale of Sun's ANDA Product (*i.e.*, tablets containing 9 mg of budesonide) prior to the expiration of the '716 patent.

29.     Upon information and belief, pursuant to § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug, and Cosmetic Act, Defendants certified in ANDA No. 210229, *inter alia*, that the claims of the '716 patent are invalid, unenforceable, and/or would not be infringed by the commercial manufacture, use, offer for sale, and/or sale of the Sun's ANDA Product.

30.     Plaintiffs received written notification of Defendants' filing of ANDA No. 210229 and its accompanying § 505(j)(2)(A)(vii)(IV) certifications directed to, *inter alia,* the '716 patent, in Sun's Notice Letter dated May 2, 2017 and sent via Federal Express.

31.     Sun's Notice Letter does not deny the validity of any claim of the '716 patent on any grounds under 35 U.S.C. § 101 *et seq*. separate and apart from asserting noninfringement of the '716 patent.

32.     This action was commenced by Plaintiffs within 45 days of the date of receipt of Sun's Notice Letter.

## FIRST COUNT
**(Infringement by Defendants of U.S. Patent No. 9,320,716)**

33.     Plaintiffs re-allege Paragraphs 1-32 as if fully set forth herein.

9

34.     Defendants' submission of ANDA No. 210229 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constitutes infringement of the '716 patent under 35 U.S.C. § 271(e)(2)(A).

35.     Moreover, if Defendants manufacture, use, sell, offer for sale, or import into the United States Sun's ANDA Product, or induces or contributes to any such conduct, prior to the expiration of the '716 patent, including any applicable exclusivities or extensions, Defendants would further infringe the '716 patent under 35 U.S.C. § 271(a), (b), and/or (c).

36.     Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Sun's ANDA be a date that is not earlier than the expiration of the term of the '716 patent, including any extension(s) granted by the U.S. Patent and Trademark Office ("PTO") pursuant to 35 U.S.C. §§ 154 or 156, or any later expiration of exclusivity for the '716 patent to which Plaintiffs are or become entitled.

37.     Plaintiffs will be irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court.  Plaintiffs do not have an adequate remedy at law.

38.     Upon information and belief, Defendants were aware of the existence of the '716 patent and were aware that the filing of Sun's ANDA and accompanying § 505(j)(2)(A)(vii)(IV) certification with respect to the '716 patent constituted an act of infringement of the '716 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

A.     That Defendants have infringed one or more claims of the '716 patent;

B.     That pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of ANDA No. 210229 under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) shall not be a date that is earlier than the latest expiration date of the '716 patent, including any applicable exclusivities or extensions;

10

C.      That Defendants, its officers, agents, servants and employees, and those persons in active concert or participation with any of them, be preliminarily and permanently enjoined from commercially manufacturing, using, offering to sell, selling, or importing into the United States Sun's ANDA Product and any other product that infringes or induces or contributes to the infringement of one or more claims of the '716 patent prior to its expiration, including any exclusivities or extensions to which Plaintiffs are or become entitled;

D.      That Plaintiffs be awarded the attorney fees, costs, and expenses that they incur prosecuting this action; and

E.      That Plaintiffs be awarded such other and further relief as this Court deems just and proper.

Dated:  June 15, 2017
        Newark, New Jersey

Respectfully submitted,

s/ William P. Deni, Jr.
Michael R. Griffinger
William P. Deni, Jr.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500
Fax: (973) 596-0545
mgriffinger@gibbonslaw.com
wdeni@gibbonslaw.com

*Attorneys for Plaintiffs*

**Of Counsel:**

Melanie R. Rupert
David M. Conca
**PAUL HASTINGS LLP**
200 Park Avenue
New York, NY 10166
Tel:  (212) 318-6000
*Attorneys for Valeant Pharmaceuticals*
*International and Valeant Pharmaceuticals*
*Ireland*

Gary Frischling
Yite John Lu
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel:  (310) 277-1010
*Attorneys for Cosmo Tecnologies Limited*

11

## CERTIFICATION OF NON-ARBITRABILITY
## PURSUANT TO LOCAL CIVIL RULE 201.1(d)

Pursuant to Local Civil Rule 201.1(d), the undersigned counsel hereby certifies that this action seeks declaratory and injunctive relief and, therefore, is not subject to mandatory arbitration.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

s/ William P. Deni, Jr.
Michael R. Griffinger
William P. Deni, Jr.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500
Fax: (973) 596-0545
mgriffinger@gibbonslaw.com
wdeni@gibbonslaw.com

*Attorneys for Plaintiffs*

Dated:   June 15, 2017
         Newark, New Jersey

12